IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01558-REB-BNB

PATRICK M. HAWKINSON,

Plaintiff,

v.

JAMES A. MONTOYA,
ROBERT SCRANTON,
In their individual and official capacities,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following motions:

1. **Defendant Montoya's Motion to Dismiss Plaintiff's Complaint with Authorities** [Doc. #22, filed 09/29/2008] (the "Motion to Dismiss");

2. **Plaintiff's Motion to Supplement . . . Plaintiff's Response to Defendant's Motion to Dismiss** [Doc. #37, filed 11/07/2008] (the "Motion to Supplement"); and

3. **Motion for Leave to File Plaintiff's First Amended and Supplemented Prisoner Complaint** [Doc. #41, filed 01/07/2009] (the "Motion to Amend").

I respectfully RECOMMEND that the Motion to Dismiss be GRANTED. I further RECOMMEND that the Motion to Supplement and the Motion to Amend be DENIED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff initiated this case on July 17, 2008 [Doc. #1].  On July 24, 2008, he was ordered to file an amended complaint [Doc. #3].  He filed his amended Prisoner Complaint (the "Complaint") on August 12, 2008 [Doc. #5].  The Complaint contains the following allegations:

1.  From February 2002 to March 2002, the plaintiff provided services and sold goods to Opal Wilson pursuant to contractual agreements.  In return, Ms. Wilson agreed to pay the plaintiff $52,360.68 on or before April 15, 2002.  *Complaint*, p. 3.

2.  On April 7, 2002, prior to being paid, the plaintiff was arrested for a parole violation and "regressed back" to the Colorado Department of Corrections ("DOC").  Id. at pp. 3-4.

3.  Ms. Wilson did not pay the plaintiff.  Id. at p. 3a.

4.  After waiting for payment for approximately a year, the plaintiff filed two civil cases against Ms. Wilson in the El Paso County District Court.  The first case, Case No. 02CV4252, was for breach of contract for services rendered.  The second case, Case No. 03CV858, was for breach of contract for goods sold and delivered.  Id.

5.  The district judge granted default judgments in favor of the plaintiff and against Ms. Wilson in both cases in an amount totaling over $70,000.00.  The plaintiff filed the judgment and secured a lien on Ms. Wilson's property pursuant to section 13-52-102, C.R.S.  Id.

6.  Ms. Wilson ignored the judgment and the lien.

7.  Ms. Wilson died in October 2003.  R. Lynn Keener was appointed as representative for the Estate of Opal Wilson.  Id.

8.  On January 14, 2004, the plaintiff's attorney contacted Robert Scranton, attorney for the Estate of Opal Wilson, and demanded full payment of the judgment.  Id.  The plaintiff did not receive any response.  Id. at p. 3b.

9.  On January 26, 2004, Keener (and possibly Scranton) contacted defendant Montoya at the DOC and solicited his help to prevent the Estate from having to pay the judgments to an inmate.  Montoya agreed to help Keener and Scranton to "prevent inmate Hawkinson from receiving one dime from the Estate."  Id.

10.  On January 26, 2004, Keener and Scranton provided Montoya with documents confirming that two civil complaints were filed, judgments were issued, liens were filed, and the plaintiff was represented by counsel in the civil actions.  Id.

3

11.   Montoya drove to Bent County Correctional Facility and interrogated the plaintiff regarding the judgments and liens. The plaintiff informed Montoya that it was improper for him to question or interrogate the plaintiff and directed Montoya to address all questions to his civil attorney. Id. Montoya told the plaintiff that "[i]f you don't sign over the liens and dismiss the judgments you will be placed in punitive segregation before I leave this building" and "I will do everything and anything in this case to prevent you from receiving a dime from the Estate including alleging fraud." Id. at p. 3c.

12.   Montoya took the following actions:

a.   He placed the plaintiff in punitive segregation without any disciplinary charges for 30 days;

b.   He seized, read, and kept all of the plaintiff's legal documents;

c.   He ordered that all of the plaintiff's law books be seized and kept;

d.   He had the plaintiff transferred to a higher security facility which caused the plaintiff to lose his job and privileges;

e.   He caused ten classification points to be added to the plaintiff's custody rating for "Detainer/Pending Charges" when no charges or detainers existed;

f.   He filed a perjurious affidavit with Scranton, who in turn filed it in the plaintiff's civil cases;

g.   On March 19, 2004, he amended the affidavit and submitted it to Scranton who withheld it from the plaintiff;

h.   He drove to the home of the plaintiff's pastor and caused strife and conflict between the plaintiff and his pastor, ending a fifteen year relationship between them;

   i. On or about March 15, 2004, he personally contacted the Denver Post with "slander, libel, and misleading misinformation";

   j. He "shopped" for a District Attorney to file criminal charges against the plaintiff for filing the civil cases against Ms. Wilson; and

   k. He denied the plaintiff telephone privileges to prevent the plaintiff from communicating with attorneys in the civil cases. Id. at pp. 3c-3d.

  13. On February 13, 2004, the Estate filed a motion through Keener and Scranton for relief from the default judgments in both civil cases. Attached to the motion was Montoya's affidavit dated January 30, 2004. Id. at p. 3d.

  14. Because of the defendants' actions, the plaintiff was prevented from properly objecting to the Estate's motion, and the district court granted the motion and dismissed the plaintiff's judgment. Id.

  15. On July 29, 2005, the defendants disclosed to the plaintiff for the first time that Montoya had amended his affidavit on March 19, 2004, which deleted all grounds for dismissal of the plaintiff's judgment in case 03CV858. Montoya amended his affidavit based on his investigation. Scranton hid the amended affidavit from the plaintiff for more than 16 months. Id. at p. 3e.

  16. "Defendant's actions have continued to this day such as: Plaintiff's telephone remains shut-off, Plaintiff's legal documents have not been returned, Plaintiff remains at a higher security facility, etc., all directly related to Plaintiff's civil cases against Opal Wilson." Id.

  17. Because of the defendants' ongoing actions, the plaintiff's claims against Ms. Wilson were dismissed with prejudice by the district court on July 7, 2007. Id.

The Complaint asserts two claims. Claim One alleges that in violation of the plaintiff's First Amendment right to access the courts, Montoya retaliated against the plaintiff for filing civil actions against Ms. Wilson. Id. at p. 4. Claim Two alleges that Scranton "acted in conspiracy" with Montoya to retaliate against the plaintiff for filing the civil actions. Id. at p. 5.

### III.   ANALYSIS

The plaintiff's claim against Montoya is brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Montoya asserts that the plaintiff's claims are barred by the statute of limitation. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; section 13-80-102, C.R.S.

Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

Here, the Complaint clearly alleges that Montoya's acts of retaliation occurred in 2004. Indeed, the plaintiff filed a civil action against Montoya in June 2004 wherein he alleged that Montoya drove to the prison and interrogated the plaintiff regarding the judgment and the liens; threatened the plaintiff with punitive segregation if he did not sign over the liens and dismiss the judgments; placed the plaintiff in punitive segregation for thirty days; seized all of the plaintiff's legal documents and law books; transferred plaintiff to a higher security facility which caused him to lose his job and his privileges; added ten classification points to the plaintiff's custody rating; submitted a false affidavit in the plaintiff's civil cases; caused the plaintiff's relationship with his pastor to end; contacted the Denver Post with misinformation; shopped for a District Attorney to file criminal charges against the plaintiff; and shut off the plaintiff's telephone privileges to prevent the plaintiff from communicating with his attorneys.[1]  *First Amended and Supplemented Prisoner Complaint* [Doc. #143], Civil Action No. 04-cv-01271-EWN-BNB, ¶¶ 16-17, 19.[2]

The plaintiff argues that his injury did not occur until the El Paso County District Court dismissed his case on July 3, 2007. To the contrary, because "the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal quotations and citation omitted). As in

---

[1] The 2004 case was dismissed without prejudice on August 16, 2007, for plaintiff's failure to comply with the Court's orders to make his monthly filing fee payments or show cause why he could not.

[2] I may take judicial notice of the pleadings filed in the plaintiff's previous civil action. Fed. R. Evid. 201.

Smith, "the constitutional injury, the injury which triggers the statute of limitations for purposes of § 1983, occurred when [Montoya took the retaliatory actions], not when the consequence of that constitutional injury . . . manifested itself." 149 F.3d at 1154.

The allegations of the complaint in the 2004 case and the allegations of the plaintiff's current Complaint show on their face that Montoya's retaliatory actions occurred in 2004. The plaintiff did not initiate this action until July 17, 2008--approximately four years after the injury. Absent tolling, the plaintiff's claim against Montoya is barred by the statute of limitations.

The issue of tolling is governed by Colorado state law. See Fratus, 49 F.3d at 675. Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff does not assert that he is entitled to tolling, and it is not plausible under the circumstances of this case that tolling would apply.

The plaintiff seeks to supplement his response to the Motion to Dismiss and to amend his Complaint to add allegations which support his argument that his injury did not occur until the El Paso County District Court dismissed his case on July 3, 2007. Because I find that the plaintiff's constitutional injury occurred at the time of Montoya's retaliatory actions, the Motion to Supplement and the Motion to Amend should be denied.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant Montoya's Motion to Dismiss Plaintiff's Complaint with Authorities be GRANTED and that the plaintiff's claim against defendant Montoya be dismissed as barred by the statute of limitation.

I further RECOMMENDED that Plaintiff's Motion to Supplement . . . Plaintiff's Response to Defendant's Motion to Dismiss be DENIED.

I further RECOMMENDED that the Motion for Leave to File Plaintiff's First Amended and Supplemented Prisoner Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 4, 2009.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge