**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-01558-REB-BNB

PATRICK M. HAWKINSON,

    Plaintiff,

v.

JAMES A. MONTOYA,
ROBERT SCRANTON,
In their individual and official capacities,

    Defendants.

**ORDER CONCERNING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on (1) **Defendant Montoya's Motion To Dismiss Plaintiff's Complaint with Authorities** [#22] filed September 29, 2008;(2) **Plaintiff's Motion To Supplement (With Supplemental) To Plaintiff's Response To Defendant's Motion To Dismiss** [#37] filed November 7, 2008; (3) plaintiff's **Motion for Leave To File Plaintiff's First Amended and Supplemented Prisoner Complaint** [#41] filed January 7, 2009; and (4) the **Recommendation of United States Magistrate Judge** [#57] filed August 4, 2009. The plaintiff filed objections [#58] to the recommendation, defendant Montoya filed a response [#59] to the plaintiff's objections, and the plaintiff filed a reply [#61]. I approve and adopt the recommendation in part and respectfully reject it in part. I grant the motion to dismiss in part and deny it in part. I grant the motion to supplement in part and deny it in part, and I deny the motion to file

an amended complaint. Finally, to the extent the plaintiff's claims are not barred by the applicable statute of limitations, I dismiss the plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) because the plaintiff's allegations to not state plausible claims for relief.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable case law. In addition, because the plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. STATUTE OF LIMITATIONS

I read the operative complaint, which is the plaintiff's **Prisoner Complaint** [#5] filed August 12, 2008 (Complaint), as alleging claims of retaliation and denial of the plaintiff's right of access to the courts. In general, the plaintiff alleges that the defendants took actions against the plaintiff because the plaintiff had obtained civil judgments in state court against a defendant named Opal Wilson. The plaintiff's state court cases concerned the plaintiff's claim that Opal Wilson owed the plaintiff money. The plaintiff alleges that defendant Montoya's actions deprived the plaintiff of access to the courts and were taken in retaliation for the plaintiff's exercise of his right of access to the courts.

In his motion to dismiss [#22], defendant Montoya seeks dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted. The key issue

in the motion to dismiss is defendant Montoya's argument that the applicable statute of limitations expired before the plaintiff filed his complaint in this case. As the magistrate judge details, the applicable period of limitations for a claim under 42 U.S.C. § 1983 is two years. The initial complaint in this case was filed on July 24, 2008. Thus, absent tolling of the period of limitations, only actions taken after July 24, 2006, fall within the applicable period of limitations. Nothing in the record provides any basis for tolling of the statute of limitations. Most of the wrongful actions alleged in the Complaint are alleged to have occurred before July 24, 2006. Any claim based on such actions is barred because the applicable period of limitations expired before this case was filed. To this extent, I approve and adopt the recommendation, and I grant the motion to dismiss.

I note, however, that the plaintiff alleges in the operative complaint [#5] that the defendants' "actions have continued to this day." *Complaint*, p. 3e. These alleged actions include "Plaintiff's telephone remains shut-off, Plaintiff's legal documents have not been returned, Plaintiff's law books have not been returned, Plaintiff remains at a higher security facility, etc., all directly related to Plaintiff's civil cases against Opal Wilson." In his proposed amended complaint, the plaintiff re-asserts essentially the same allegations. *Motion for Leave To File Plaintiff's First Amended and Supplemented Prisoner Complaint* [#41] filed January 7, 2009, Attachment (Plaintiff's First Amended and Supplemented Prisoner Complaint), ¶ ¶ 29 - 30. The plaintiff alleges also that on "July 7, 2007, because of the Defendants['] ongoing actions Plaintiff's claims were dismissed with prejudice by the state civil court." *Complaint*, p. 3e. I read these allegations to be the factual allegations in support of the plaintiff's access to the courts and retaliation claims.

These allegations, if true, indicate that the defendants continued to take allegedly retaliatory actions against the plaintiff at least up to the time the complaint [#5] was filed. Any claims based on actions allegedly taken by the defendants after July 24, 2006, are not barred by the statute of limitations. To the extent the plaintiff alleges that the defendants took actions after July 24, 2006, and those allegations, if true, state a claim for relief against the defendants, dismissal of the plaintiff's claims based on the statute of limitations is not appropriate. As discussed below, however, I conclude that the plaintiff's allegations do not state plausible claims for relief for denial of the plaintiff's right of access to the courts or for retaliation.

## II.  ACCESS TO THE COURTS & RETALIATION

The plaintiff filed this case *in forma pauperis*. *Motion to proceed in forma pauperis* [#1] filed July 17, 2008; *Order Granting Leave To Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee* [#6] filed August 14, 2008. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court "shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted." To the extent the plaintiff alleges in his Complaint actions by the either defendant Montoya or defendant Scranton that occurred less than two years before the plaintiff filed his initial complaint in this case, I conclude that the plaintiff's allegations do not state claims on which relief can be granted for violation of the plaintiff's right of access to the courts or for retaliation. To the extent the plaintiff alleges actions by the defendants less than two years before the plaintiff filed his initial complaint in this case, the plaintiff's access to the courts and retaliation claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

When reviewing a complaint to determine if the plaintiff has stated a claim on

which relief can be granted, I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 538 U.S. 999 (2003). I review the complaint to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007)).

"(T)he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original). In **Twombly**, the Court rejected and supplanted the "no set of facts" standard of **Conley v. Gibson**, 355 U.S.41, 45-46 (1957). The "plausibility" standard and its meaning recently were clarified in **Robbins v. Oklahoma**, 519 F.3d 1242 (10th Cir. 2008). The **Robbins** court concluded that

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

519 F.3d at 1247.

### A.  Access To The Courts

Prison inmates have a right of access to the courts.  ***See, e.g., Bounds v. Smith***, 430 U.S. 817, 828 (1977).  However, an inmate's right of access to the courts is limited to his or her ability to pursue a petition for a writ of habeas corpus, or civil rights claims challenging the conditions of his or her confinement.  ***Lewis v. Casey***, 518 U.S. 343, 351-55.  A prison inmate alleging denial of access to the courts must demonstrate that the denial of access caused some significant injury, by hindering his or her efforts to pursue a non-frivolous habeas corpus or civil rights claim.  ***Id***.

> In other words, ***Bounds*** does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

***Lewis v. Casey***,  518 U.S. at 355.

The plaintiff alleges that the defendants interfered with the plaintiff's ability to prosecute his civil collection case against Opal Wilson.  The plaintiff's ability to prosecute such a case does not fall within the plaintiff's right of access to the courts.  Therefore, the defendants' alleged actions concerning the plaintiff's case against Opal Wilson cannot constitute a violation of the plaintiff's right of access to the courts.  The plaintiff's allegations in support of his access to the courts claim do not support a claim for relief that is plausible on its face.  The plaintiff's access to the courts claim is dismissed for failure to state a claim on which relief can be granted.

### B.  Retaliation

Prison officials may not retaliate against a prisoner for the prisoner's exercise of his or her constitutional rights.  "An act of retaliation for the exercise of a constitutionally

6

protected right is actionable under [section] 1983." **Smith v. Maschner**, 899 F.2d 940 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.*, 948. To establish retaliation, an inmate "must prove that `but for' the retaliatory motive, the incidents to which he refers, including disciplinary action, would not have taken place." **Smith** at 949-50, ***citing McDonald v Hall***, 610 F.2d 16, 18 (1st Cir. 1979).

The plaintiff alleges that, beginning in 2004, Montoya began to impose adverse actions on the plaintiff, and that Montoya was motivated by a desire to retaliate against the plaintiff because of the plaintiff's lawsuit against Opal Wilson. As noted above, the plaintiff alleges that Montoya continues to impose adverse actions on the plaintiff and Montoya continues to impose those adverse actions based on Montoya's retaliatory motive. As discussed above, however, the plaintiff's right of access to the courts does not encompass the plaintiff's ability to prosecute his civil claim against Opal Wilson. Any retaliation the plaintiff may have suffered that was motivated by the plaintiff's prosecution of this case, therefore, was not retaliation motivated by the plaintiff's exercise of a constitutional right. Therefore, the plaintiff's factual allegations in support of his retaliation claim do not support a claim for relief that is plausible on its face. The plaintiff's retaliation claim is dismissed for failure to state a claim on which relief can be granted.

### C. Conclusion

To the extent the plaintiff alleges that either defendant Montoya or defendant Scranton took actions less than two years before the plaintiff filed his initial complaint in this case, a claim based on those actions is not barred by the statute of limitations. However, the plaintiff's factual allegations concerning the defendants' actions during this


period do not state plausible claims for relief for violation of the plaintiff's right of access to the courts or for retaliation. Under 28 U.S.C. § 1915(e)(2)(B)(ii), these claims are dismissed.

### III. MOTION TO SUPPLEMENT & MOTION TO AMEND

In his motion to supplement [#37] the plaintiff presents additional argument about the date on which his claims in this case accrued for the purpose of the statute of limitations. In order to provide the plaintiff with a full opportunity to present his position, I conclude that the additional argument presented in the motion should be accepted for filing. However, the plaintiff attaches to his motion a document that constitutes evidence this is not included with the plaintiff's complaint. To the extent the plaintiff seeks in his motion to supplement to present evidence outside the pleadings in response to defendant Montoya's motion to dismiss for failure to state a claim, the consideration of such evidence is not proper. To this extent, the plaintiff's motion to supplement is denied.

Under Fed. R.Civ.P. 15(a), a court should grant leave to amend freely when justice so requires. Amendments generally are allowed except where well-defined exceptions apply. The most notable exceptions are considered when there is a showing of undue delay, undue prejudice to the opposing party, or when the amendment would be futile. **See, e.g., Castleglen, Inc. v. Resolution Trust Corp.**, 984 F.2d 1571, 1585 (10th Cir. 1993). The plaintiff's proposed amended complaint, which is attached to his motion to amend [#41], proposes futile amendments to the plaintiff's complaint. For the reasons detailed above, the allegations in the proposed amended complaint do no support plausible claims for relief for denial of the plaintiff's right of access to the courts or for retaliation. The motion to amend is

denied because the proposed amendments are futile.

## IV.  CONCLUSION & ORDERS

To the extent the plaintiff alleges actions by defendant Montoya prior to July 24, 2006, Montoya's motion to dismiss [#22] is granted. The motion is denied otherwise.  To the extent the plaintiff alleges actions by either defendant after July 24, 2006, the plaintiff's access to the courts and retaliation claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) because the plaintiff's allegations do not state plausible claims for relief for violation of the plaintiff's right of access to the courts or for retaliation.  The plaintiff's motion to supplement [#37] is granted, except to the extent the plaintiff seeks consideration of evidence not included in the complaint.  The plaintiff's motion [#41] to amend his complaint is denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#57] filed August 4, 2009, is **APPROVED AND ADOPTED** to the extent that the magistrate judge recommends that **Defendant Montoya's Motion To Dismiss Plaintiff's Complaint with Authorities** [#22] filed September 29, 2008, be granted based on the statute of limitations as to claims based on alleged actions taken by defendant Montoya prior to July 24, 2006;

2.  That the **Recommendation of United States Magistrate Judge** [#57] filed August 4, 2009, respectfully is **REJECTED** to the extent that the magistrate judge recommends that **Defendant Montoya's Motion To Dismiss Plaintiff's Complaint with Authorities** [#22] filed September 29, 2008, be granted based on the statute of limitations as to claims based on alleged actions taken by defendant Montoya after July 24, 2006;

3. That **Defendant Montoya's Motion To Dismiss Plaintiff's Complaint with Authorities** [#22] filed September 29, 2008, is **GRANTED** as to claims based on alleged actions taken by defendant Montoya before July 24, 2006;

4. That **Defendant Montoya's Motion To Dismiss Plaintiff's Complaint with Authorities** [#22] filed September 29, 2008, otherwise is **DENIED**;

5. That the **Recommendation of United States Magistrate Judge** [#57] filed August 4, 2009, respectfully is **REJECTED** to the extent that the magistrate judge recommends that the **Plaintiff's Motion To Supplement (With Supplemental) To Plaintiff's Response To Defendant's Motion To Dismiss** [#37] filed November 7, 2008, be denied;

6. That the **Plaintiff's Motion To Supplement (With Supplemental) To Plaintiff's Response To Defendant's Motion To Dismiss** [#37] filed November 7, 2008, is **DENIED** to the extent the plaintiff seeks to present evidence outside the pleadings in response to defendant Montoya's motion to dismiss for failure to state a claim;

7. That the **Plaintiff's Motion To Supplement (With Supplemental) To Plaintiff's Response To Defendant's Motion To Dismiss** [#37] filed November 7, 2008, is **GRANTED** otherwise;

8. That the **Recommendation of United States Magistrate Judge** [#57] filed August 4, 2009, is **APPROVED AND ADOPTED** to the extent that the magistrate judge recommends that the plaintiff's **Motion for Leave To File Plaintiff's First Amended and Supplemented Prisoner Complaint** [#41] filed January 7, 2009, be denied;

9. That the plaintiff's **Motion for Leave To File Plaintiff's First Amended and**

**Supplemented Prisoner Complaint** [#41] filed January 7, 2009, is **DENIED**;

10. That under 28 U.S.C. § 1915(e)(2)(B)(ii), the plaintiff's access to the courts and retaliation claims are **DISMISSED** for failure to state a claim on which relief can be granted;

11. That this case is **DISMISSED**;

12. That **JUDGMENT SHALL ENTER** in favor of the defendants, James A. Montoya and Robert Scranton, and against the plaintiff, Patrick M. Hawkinson, on each of the plaintiff's claims for relief; and

13. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 16, 2009, at Denver, Colorado.

                                                  **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge