**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-01558-REB-BNB

PATRICK M. HAWKINSON,

Plaintiff,

v.

JAMES A. MONTOYA,
ROBERT SCRANTON,
In their individual and official capacities,

Defendants.

---

**ORDER GRANTING MOTION TO RECONSIDER**
**AND**
**AMENDED ORDER DISMISSING COMPLAINT**

---

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for the District Court To Reconsider Its Order [Doc #62] and Judgment [Doc #63] Under Rule 59, F.R.Civ.P.** [#64][1] filed October 2, 2009. Defendant, James Montoya, filed a response, and the plaintiff, Patrick Hawkinson, filed a reply. I grant the motion to reconsider.

In an order [#62] filed September 16, 2009, I granted the motion to dismiss [#22] of defendant James A. Montoya, granted the motion to supplement [#37] of the plaintiff, denied the motion to file an amended complaint [#41] of the plaintiff, and adopted in part and rejected in part the recommendation [#57] of the assigned magistrate judge. In his motion to reconsider [#64], the plaintiff, Patrick Hawkinson, asks me to reconsider my

[1] "[#64]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

order [#62].

## I. STANDARD OF REVIEW

Rule 59 (e) provides for a motion to alter or amend a judgment. Subsection (e) is the only subsection of Rule 59 that is applicable to this case. The balance of Rule 59 concerns motions for a new trial and no trial was conducted in this case. The bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

I conclude that I misapprehended the controlling law on two points in my previous order [#62]. Therefore, I reconsider the conclusions I expressed in my previous order [#62]. However, on a basis different than I expressed in my previous order [#62], I conclude that defendant Montoya's motion to dismiss [#22] should be granted and judgment should enter in favor of the defendants and against the plaintiff. On the same bases as stated in my previous order [#62], I conclude that the plaintiff's motion to supplement [#37] should be granted in part and denied in part, and the plaintiff's motion to amend his complaint [#41] should be denied. Therefore, I enter this order outlining the bases for my reconsideration and the resolution of these motions.

## II. ACCESS TO THE COURTS & RETALIATION

This case is based on Hawkinson's efforts to prosecute a civil collection action in

the Colorado state courts while Hawkinson was an inmate in the Colorado Department of Corrections (DOC). Hawkinson alleges that defendant, James Montoya, a DOC official, took a variety of actions to impede Hawkinson's ability to prosecute his civil collection action and in retaliation for Hawkinson's efforts to prosecute his civil collection action.

Hawkinson alleges in his complaint that in 2002, he obtained a judgment and a judgment lien against Opal Wilson for approximately seventy thousand dollars. Opal Wilson died in October, 2003, and Hawkinson sought to collect his judgments from her estate. By early 2004, Hawkinson was incarcerated in the Colorado Department of Corrections (DOC). Through his counsel, Hawkinson continued to seek to collect his judgments from Opal Wilson's estate. Hawkinson alleges that in early 2004, Montoya came to work at the Bent County Correctional Facility where Hawkinson was housed. Allegedly, Montoya interrogated Hawkinson about his claims against Wilson's estate. Montoya demanded that Hawkinson withdraw his claims against Wilson's estate, and said he, Montoya, would do everything he could to prevent Hawkinson from receiving any recovery from Wilson's estate. Shortly after this meeting in early 2004, Montoya allegedly took the following actions against Hawkinson: (A) placed Hawkinson in punitive segregation; (B) seized and retained all of Hawkinson's legal documents and law books; (C) transferred Hawkinson to a higher security facility, causing Hawkinson to lose his prison job; (D) Added 10 classification points to Hawkinson's custody rating; (E) tendered a false affidavit to counsel for Wilson's estate, which affidavit was filed in the plaintiff's civil cases against Wilson's estate; (F) terminated Hawkinson's telephone privileges; and (G) took other actions adverse to Hawkinson. *Complaint* [#5], pp. 3c - 3d. Hawkinson alleges further that the "(d)efendant's actions have continued to this

day." *Complaint*, p. 3e. He alleges that the "Plaintiff's telephone remains shut-off, Plaintiff's legal documents have not been returned, Plaintiff's law books have not been returned, Plaintiff remains at a higher security facility, etc., all directly related to Plaintiff's civil cases against Opal Wilson." *Id*. Finally, the plaintiff alleges that on "July 7, 2007, because of the Defendants['] ongoing actions Plaintiff's claims were dismissed with prejudice by the state civil court." *Complaint*, p. 3e.

In my previous order [#62], I concluded that Hawkinson's right of access to the courts does not include a right to prosecute a civil collection action. I concluded that a "prison inmate alleging denial of access to the courts must demonstrate that the denial of access caused some significant injury, by hindering his or her efforts to pursue a non-frivolous habeas corpus or civil rights claim." *Order* [#62], p. 6.

> In other words, ***Bounds*** [***v. Smith***, 430 U.S. 817 (1977)] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

***Lewis v. Casey***, 518 U.S. 343, 355 (1996).

In his motion for reconsideration, Hawkinson notes correctly that the above quotation from ***Lewis*** is not as broad as it may appear at first blush. ***Lewis*** addresses, *inter alia*, the assistance prison officials must provide to prison inmates to ensure that inmates have the tools necessary to attack their sentences or to challenge their conditions of their confinement. This does not mean, however, that a prison inmate has no right of access to the courts for the purpose of pursing other kinds of cases.

> Other than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist

> inmates in general civil matters. Although a state has no affirmative duty to assist an inmate in other civil matters, the state may not erect barriers that impede the right of access of incarcerated persons.

***Carper v. DeLand***, 54 F.3d 613, 616 (10th Cir.1995) (internal quotations and citations omitted); ***see also John L. v. Adams***, 969 F.2d 228, 235 (6th Cir.1992) (collecting cases). Although ***Carper*** pre-dates ***Lewis***, ***Lewis*** does not alter the rule stated in ***Carper***.

Hawkinson argues that the allegations in his complaint indicate that Montoya erected barriers that impeded Hawkinson's ability to prosecute his civil collection action. I agree. In view of the rule stated in ***Carper***, the allegations in Hawkinson's complaint state an arguable claim for denial of his right of access to the courts. Further, if Hawkinson's efforts to pursue his civil collection action arguably were within his right of access to the courts, then any retaliation for his effort to exercise that right also is improper. On reconsideration, I conclude that he allegations in Hawkinson's complaint state arguable claims for denial of his right of access to the courts and for retaliation.

## III. STATUTE OF LIMITATIONS

The applicable period of limitations for a claim under 42 U.S.C. § 1983, such as Hawkinson's claims in this case, is two years. ***Hunt v. Bennett***, 17 F.3d 1263, 1266 (10th Cir. 1994); §13-80-102, C.R.S. The initial complaint in this case was filed on July 24, 2008. Thus, absent tolling of the period of limitations, only actions taken after July 24, 2006, fall within the applicable period of limitations. Nothing in the record provides any basis for tolling of the statute of limitations.

In my previous order [#62], I dismissed that portion of the plaintiff's claims based on actions alleged to have been taken prior to July 24, 2006, because the statute of limitations had expired as to any claim based on those actions. I concluded, however,

that any actions allegedly taken by the defendants after July 24, 2006, fall within the applicable period of limitations. Based in part on the arguments asserted by Montoya in his response [#67] to the motion for reconsideration and in part on my review of my previous order [#62] and the magistrate judge's recommendation [#57] in this case, I reconsider my analysis of the statute of limitations issue. I conclude that my analysis was in error and that Hawkinson's access to the courts and retaliation claims are barred by the statute of limitations.

A civil rights action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. The injury that is the basis of a civil rights action is the violation of some constitutional right, not the physical, mental, or other harm that may have been occasioned by the violation. ***Smith v. City of Enid By and Through Enid City Com'n***, 149 F.3d 1151, 1154 (10th Cir. 1998). Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. ***Kripp v. Luton***, 466 F.3d 1171, 1175 (10th Cir. 2006); ***Smith***, 149 F.3d at 1154 (quotations and internal citations omitted).

In this case, the alleged constitutional injury that triggered the statute of limitations occurred in early 2004. This is the injury that allegedly occurred when Montoya initiated the various measures described above that Hawkinson alleges were both an effort to impede Hawkinson's ability to prosecute his state court collection action and an effort to retaliate against Hawkinson for his pursuit of his state court collection action. There is no doubt that Hawkinson actually knew of his alleged constitutional injury in 2004. On June 21, 2004, Hawkinson filed a complaint in Civil Action No. 04-cv-01271-EWN-BNB. In that complaint, Hawkinson makes the same allegations against

Montoya that he makes in this case. On August 16, 2007, Case No. 04-cv-01271 was dismissed without prejudice because Hawkinson failed to comply with the court's orders concerning payment of his filing fee. ***Hawkinson v. Montoya***, No. 04-cv-01271 (D. Colo. August 16, 2007), order [#326] adopting magistrate judge's June 6, 2007, recommendation of dismissal.

Assuming Hawkinson's allegations to be true, the defendants' alleged wrongful "actions have continued to this day." *Complaint*, p. 3e. Further, on "July 7, 2007, because of the Defendants[‘] ongoing actions Plaintiff's claims were dismissed with prejudice by the state civil court." *Id*. However, assuming that the alleged constitutional injury that began in 2004 has continued to this day does not mean that the statute of limitations is extended for as long as the injury continues. For the purpose of measuring a period of limitations, "a claimant is aware of the injury once he or she has been apprised of the general nature of the injury. Lack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute." ***Gustavson v. U.S.***, 655 F.2d 1034, 1036 (10th Cir. 1981). It is not necessary that a plaintiff know all of the evidence ultimately relied on for the cause of action to accrue. ***Baker v. Bd. of Regents***, 991 F.2d 628, 632 (10th Cir.1993). In this case, the fact that the limitations imposed by Montoya in 2004 allegedly have continued, or the fact that those alleged wrongful actions have caused additional harm, including the dismissal of Hawkinson's collection action in 2007, does not serve to extend the applicable period of limitations.

Hawkinson was aware of the alleged constitutional violation when the alleged wrongful actions began in early 2004. This awareness triggered the statute of limitations for the purpose of Hawkinson's § 1983 claims. ***Smith***, 149 F.3d at 1154. The fact that the same alleged actions and harms continued, and that the

consequences of the alleged wrongs did not fully manifest themselves until 2007, do not serve to extend the two year period of limitations. ***Id***.

Based on the law discussed above, I conclude that I misapprehended the controlling law in my previous order [#62] when I concluded that any actions allegedly taken by the defendants after July 24, 2006, fall within the applicable period of limitations. Hawkinson's access to the courts and retaliation claims accrued in early 2004, and the period of limitations applicable to these claims expired two years later in 2006. However, Hawkinson's complaint in this case was not filed until July, 24, 2008. Thus, his claims for access to the courts and retaliation are barred by the statute of limitations.

## IV. DEFENDANT SCRANTON

Hawkinson alleges that defendant, Robert Scranton, is the attorney for the estate of Opal Wilson. *Complaint*, p. 2. He alleges that Scranton "acted in conspiracy or jointly with Defendant Montoya thus under color of state law." *Id*. Even if I assume that Scranton conspired with Montoya, Hawkinson's claim against Scranton still must be dismissed. Hawkinson's claim against Scranton is based on essentially the same factual allegations as his claim against Montoya. Thus, Hawkinson's claim against Scranton is also barred by the applicable statute of limitations. Under 28 U.S.C. § 1915A(b)(1), I may dismiss any complaint filed by a prison inmate which fails to state a claim on which relief may be granted. Hawkinson is a prison inmate, and his allegations against Scranton fail to state a claim on which relief can be granted. Under § 1915A(b)(1), I must dismiss Hawkinson's claims against Scranton.

## V. MOTION TO SUPPLEMENT & MOTION TO AMEND THE COMPLAINT

In my previous order [#62], I granted the plaintiff's motion to supplement [#37] to

the extent he presented additional argument about the date on which his claims accrued for the purpose of the statute of limitations. I denied the motion to the extent the plaintiff seeks in his motion to present evidence outside the pleadings in response to Montoya's motion to dismiss. There is no reason to alter these rulings.

In addition, I denied Hawkinson's motion [#41] to amend his complaint because his proposed amendments are futile. Hawkinson's proposed amendments would not change the effect of the statute of limitations in this case. Although I have reconsidered my analysis of Hawkinson's claims, I conclude that Hawkinson's motion [#41] to amend his complaint must be denied because his proposed amendments are futile.

## VI. CONCLUSION AND ORDERS

Hawkinson's allegations are sufficient to state a claim for denial of his right to access to the courts and for retaliation. Hawkinson's claims accrued in early 2004, and there is no basis in the record to toll the period of limitations. Hawkinson's complaint, which was filed July 24, 2008, was filed well after the applicable two year period of limitations expired. The fact that Montoya's alleged wrongful actions continued up to the time Hawkinson filed his complaint, or that the effects of those actions continued up to that time, does not serve to extend the period of limitations. Given these circumstances, the amended complaint proposed by the plaintiff in his motion to file an amended complaint [#41] is futile.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for the District Court To Reconsider Its Order [Doc #62] and Judgment [Doc #63] Under Rule 59, F.R.Civ.P.** [#64] filed October 2, 2009, is **GRANTED** to the extent the defendant seeks reconsideration of my order [#62] filed September 16, 2009;

2. That based on my reconsideration of my order [#62], **Defendant Montoya's Motion To Dismiss Plaintiff's Complaint with Authorities** [#22] filed September 29, 2008, is **GRANTED**;

3. That **Plaintiff's Motion To Supplement (With Supplemental) To Plaintiff's Response To Defendant's Motion To Dismiss** [#37] filed November 7, 2008, is **GRANTED** in part, to the extent the plaintiff addresses the accrual of his claims;

4. That **Plaintiff's Motion To Supplement (With Supplemental) To Plaintiff's Response To Defendant's Motion To Dismiss** [#37] filed November 7, 2008, is **DENIED** otherwise;

5. That plaintiff's **Motion for Leave To File Plaintiff's First Amended and Supplemented Prisoner Complaint** [#41] filed January 7, 2009, is **DENIED**;

6. That under FED. R. CIV. P. 12(b)(6), the plaintiff's claims for access to the courts and retaliation are **DISMISSED** because they are barred by the applicable statute of limitations;

6. That under 28 U.S.C. § 1915A(b)(1), the plaintiff's claims against defendant Robert Scranton are **DISMISSED** for failure to state a claim on which relief can be granted;

7. That an **AMENDED JUDGMENT SHALL ENTER** in favor of the defendants, James A. Montoya and Robert Scranton, and against the plaintiff, Patrick M. Hawkinson, on each of the plaintiff's claims for relief; and

8. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 2, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge