**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-01558-REB-BNB

PATRICK M. HAWKINSON,

    Plaintiff,

v.

JAMES A. MONTOYA,
ROBERT SCRANTON,
In their individual and official capacities,

    Defendants.

**ORDER DENYING MOTION TO RECONSIDER**

**Blackburn, J.**

    The matter before me is the plaintiff's **Supplemented Emergency Motion for the Court To Reconsider Its Order** [#87][1] filed February 18, 2010. The plaintiff asks that I reconsider my order [#83], which directed the entry of judgment [#85] in favor of the defendants and against the plaintiff. I deny the motion.

    Rule 59 (e) provides for a motion to alter or amend a judgment. Subsection (e) is the only subsection of Rule 59 that is applicable to this case. The balance of Rule 59 concerns motions for a new trial, and no trial was conducted in this case. The bases for granting a motion under Rule 59(e) are limited.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear

---

[1] "[#87]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>error or prevent manifest injustice.  Thus, a motion for
>reconsideration is appropriate where the court has
>misapprehended the facts, a party's position, or the
>controlling law.  It is not appropriate to revisit issues already
>addressed or advance arguments that could have been
>raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  The plaintiff offers nothing to suggest that any of these factors are implicated in this case.

The plaintiff's primary argument in his present motion is that it is not proper to dismiss his claims based on the contention that the plaintiff's claims are barred by the applicable period of limitations.  Defendant Montoya asserted this argument in his motion to dismiss.  Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date.  ***Aldrich v. McCulloch Props., Inc.***, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss when the application of the limitations period is apparent on the face of the complaint.  ***Dummar v. Lummis***, 543 F.3d 614, 619 (10th Cir. 2008); ***Aldrich***, 627 F.2d at 1041 n. 4.  In this case, the application of the limitations period is apparent on the face of the complaint, and the plaintiff failed to establish an arguable basis for tolling or a later accrual date.  The other arguments asserted by the plaintiff in his present motion are simply reiterations of arguments he has asserted previously.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Supplemented Emergency Motion for the Court To Reconsider Its Order** [#87] filed February 18, 2010, is **DENIED**.

Dated February 19, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge